UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SAMIA TAXI LLC

Debtor.

Chapter 11

Case No. 23-11581(LGB)

### STIPULATED INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION TO FLAGSTAR BANK N.A. AND GRANTING RELATED RELIEF

Upon the Emergency Motion to Shorten Time and to Approve the Debtor's Stipulated Interim Use of Cash Collateral (the "**Motion**")[1] dated March 8, 2024 [ECF No. 45], of SAMIA TAXI LLC, debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**") pursuant to Sections 105, 361, 362, and 363 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York, seeking, among other things:

    a.    authorization for the Debtor to use cash collateral in which Flagstar Bank N.A. ("**FLAGSTAR**") has an interest;

    b.    granting adequate protection to FLAGSTAR under and in connection with a certain Promissory Note and Security Agreement dated January 20, 2021, all as amended, supplemented or otherwise modified from time to time, and collectively (the "**FLAGSTAR Loan Documents**") between the Debtor, as borrower, and FLAGSTAR, as lender; and

    c.    due and appropriate notice of the Motion, the relief requested therein, and the

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

hearing on the Motion scheduled for March 11, 2024 (the "**Hearing**") was served by the Debtor on (i) the twenty largest unsecured creditors of the Debtor, (ii) counsel for FLAGSTAR, (iii) the Debtor's secured creditors, (vii) the United States Attorney's Office for the Southern District of New York, (viii) the New York State Department of Taxation and Finance, (ix) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (x) the Subchapter V Trustee, Charles Pershing (the "**Subchapter V Trustee**"), and (xi) all parties that filed a notice of appearance and request for notice in the Case; and

Upon the record made by the Debtor at the Hearing and after due deliberation and consideration and sufficient cause appearing therefore,

**IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED**, that:

1. *Jurisdiction and Venue*. This Court has subject-matter jurisdiction over the Case, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. *Notice*. Under the circumstances, the notice given by the Debtor of the Motion and the Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(b).

3. *Findings Regarding the Use of Cash Collateral*.

   a. Good cause has been shown for the entry of this Interim Order.

   b. The Debtor has an immediate need to use cash collateral to permit, among other things, the orderly operation of its businesses, to make payroll, to maintain the Property, and to satisfy other working capital and operational needs. The Debtor's access

to sufficient working capital and liquidity through the use of cash collateral is vital to the preservation and maintenance of the Debtor's going concern value and the preservation of its assets for the benefit of creditors.

    c.    The terms of the use of cash collateral are fair and reasonable.

    d.    Absent granting the relief sought by this Interim Order, the Debtor's estate will be immediately and irreparably harmed. The use of cash collateral in accordance with this Interim Order is therefore in the best interest of the Debtor's estate.

    e.    *FLAGSTAR Assertions*. FLAGSTAR asserts that:

    i.    As of the Petition Date, the Debtor owes FLAGSTAR under the FLAGSTAR Loan Documents the principal amount of not less than $787,006.38, plus accrued interest, costs, and fees, pursuant to, and in accordance with, the terms of the FLAGSTAR Loan Documents (the "**FLAGSTAR Debt**").

    ii.    Prior to the Petition Date, pursuant to the FLAGSTAR Loan Documents and to secure the FLAGSTAR Debt, the Debtor granted to FLAGSTAR a lien on and security interest in substantially all of its assets including but not limited to the Taxi Medallion (the "**Property**" or "**Collateral**").

    iii.    FLAGSTAR timely perfected its security interest in the Property and FLAGSTAR holds a valid duly perfected first priority lien and security interest in, among other things, the Property (the "**Security Interest**"),

4.    *Use of Cash Collateral*. The Debtor shall not use any cash collateral (as defined in section 363(a) of the Bankruptcy Code) that is subject to the FLAGSTAR Security Interest ("**Cash Collateral**") except as permitted herein or as otherwise approved by this Court. Subject to the terms and conditions of this Interim Order, the Debtor is hereby authorized to use a total of

3

$5,000 of Cash Collateral in accordance with the Budget (as defined below) during the period from the Petition Date until the entry of a final order authorizing the Debtor's use of Cash Collateral; provided, however, that the Debtor may make a $595 payment due on April 1, 2024 on account of the loan made by the Small Business Administration to the Debtor.

5. *Adequate Protection of Interests*. FLAGSTAR is entitled, pursuant to sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Property.

6. *FLAGSTAR Adequate Protection*. As adequate protection, FLAGSTAR is hereby granted the following (collectively, the "**FLAGSTAR Adequate Protection**"):

a. Adequate Protection Lien. FLAGSTAR is hereby granted, effective and perfected as of the Petition Date and without the necessity of the execution of security agreements, pledge agreements, financing statements or other agreements, a first-priority security interest in and lien on all the pre-and post-petition property of the Debtor other than the Excluded Assets (as defined herein) (the "**FLAGSTAR Adequate Protection Lien**"), subject and subordinate only to any valid, enforceable, perfected and unavoidable liens on such assets and property in existence as of the Petition Date (other than the FLAGSTAR Security Interest).

b. Super-Priority Claim. FLAGSTAR is hereby granted, effective as of the Petition Date a super priority administrative claim (the "**FLAGSTAR Super-Priority Claim**") as provided for in section 507(b) of the Bankruptcy Code.

c. Adequate Protection Payments. FLAGSTAR shall receive a monthly payment in the amount of $750.00 for the month of February 2024, a payment in the amount of $1,000 for the month of March 2024. The February 2024 and March 2024 payments are due upon execution of this Interim Order by the Court. Thereafter, the Debtor

4

shall make a payment in the amount of $750 for the month of April 2024. The April 2024 payment shall be due on April 1, 2024. In the event that the Debtor' Plan of Reorganization is not confirmed by May 31, 2024 and the Debtor remains in a Chapter 11 proceeding, the Debtor shall make a monthly payment in the aggregate amount of $1,000 per month with the first $500 due on the first of the month and the second $500 payment due on the 15th of the month, which shall continue on a monthly basis until the Effective Date of the Plan of Reorganization or the Debtor is no longer a Debtor in this Chapter 11 case.

7.     *Compliance with FLAGSTAR Loan Documents.* The Debtor shall continue to comply with its covenants and obligations under the FLAGSTAR Loan Documents.

8.     *Excluded Assets.* The "**Excluded Assets**" are (i) all claims and causes of action (collectively, the "**Avoidance Actions**") arising under or permitted by sections 544, 547, 548, and 550 of the Bankruptcy Code and any other avoidance claims and avoidance causes of action arising under or permitted by state or federal law, and (ii) any proceeds or property recovered or otherwise the subject of successful Avoidance Actions, whether by judgment, settlement or otherwise.

9.     The Replacement Liens and the Super-Priority Claims shall be subordinate only to the fees and expenses of the Clerk of the Bankruptcy Court and the fees of the Office of the United States Trustee pursuant to 28 U.S.C. 1930(a) plus applicable interest on any such fees (the "**Carve Out**").

10.    *Reservation of Rights of FLAGSTAR.* Under the circumstances and given that the adequate protection provided herein is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of FLAGSTAR. However, FLAGSTAR may request further or different adequate protection, and

5

the Debtor or any other party may contest any such request.

11. *Preservation of Rights Granted Under the Interim Order.*

a. No claim or lien having a priority superior to or *pari passu* with those granted by this Interim Order to FLAGSTAR shall be granted or allowed while any portion of the FLAGSTAR Debt remains outstanding, unless (i) FLAGSTAR has consented in writing to such grant or allowance or (ii) such superior or *pari passu* claim or lien is permitted under the FLAGSTAR Loan Document.

b. The liens and security interests included in the FLAGSTAR Adequate Protection shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code or (ii) subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise, except to the extent permitted hereunder.

c. If an order dismissing the Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, (i) such order shall provide, in accordance with sections 105 and 349 of the Bankruptcy Code, that until all FLAGSTAR Debt shall have been paid and satisfied in full, the FLAGSTAR Adequate Protection shall (A) continue in full force and effect, (B) remain binding on all parties in interest and (C) maintain the priorities and status provided in this Interim Order, and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (i).

d. If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacatur shall not affect (i)

the validity of Adequate Protection obligations incurred prior to the actual receipt of written notice by FLAGSTAR of the effective date of such reversal, stay, modification or vacatur or (ii) the validity or enforceability of any lien or priority authorized or created hereby or pursuant to the Adequate Protection. Notwithstanding any such reversal, stay, modification or vacatur, any use of Cash Collateral prior to the actual receipt of written notice by FLAGSTAR of the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the original provisions of this Interim Order.

12. *Termination*. This Interim Order and the use of Cash Collateral authorized herein shall become effective immediately upon authorization and approval by this Court. Except with respect to the payment of accrued items set forth in the Budget attached as Exhibit B to the Motion (the "**Budget**"), the use of Cash Collateral authorized herein shall terminate at the earliest to occur of (a) 11:59 p.m. (prevailing Eastern time) on the fifth business day after the date of receipt by the Debtor of a Default Notice (as defined below) from FLAGSTAR of the occurrence of an Event of Default (as defined in the FLAGSTAR Loan Documents or this Interim Order ) but only if the Event of Default described in the Default Notice has actually occurred and is still continuing as of such date (the "**Effective Date of the Default Notice**"); or (b) 11:59 p.m. (prevailing Eastern time) on May 31, 2024 (the "**Termination Date**"). Upon an Event of Default, or on a date subsequent to the Termination Date, FLAGSTAR's consent to the Debtor's use of cash collateral shall terminate and FLAGSTAR shall have the right to move on five (5) Business days' before the Court for appropriate relief, including, but not limited to, relief of the restrictions of section 362 of the Bankruptcy Code or under any other section of the Bankruptcy Code or applicable law or rule, and seek authorization to take immediate action to protect the Collateral from harm, theft and/or dissipation and to exercise all of its contractual, legal and equitable rights and remedies as

to all or such part of the Collateral as FLAGSTAR shall elect. Notwithstanding anything set forth in this Interim Order, the Debtor shall have the right to contest a Default Notice, however FLAGSTAR's consent to use Cash Collateral shall be withdrawn and the Debtor must seek authority from this Court for the Debtor to continue to use Cash Collateral after the Effective Date of the Default Notice, or Termination Date as the case may be, on a non-consensual basis.

13. Notwithstanding anything to the contrary in this Interim Order, the Debtor's failure or inability to comply with default provisions based upon: (i) the Debtor's commencement of a bankruptcy case or (ii) provisions of the FLAGSTAR Loan Documents for which the Debtor cannot comply because compliance would require the Debtor to perform an act not permitted under the Bankruptcy Code, shall not constitute Events of Default for purposes of enforcement of the default provisions of this Interim Order.

14. *Event of Default*. An "**Event of Default**" occurs if:

    a. The Court enters an order converting the Case to a case under chapter 7 of the Bankruptcy Code, or the Debtor shall file a motion or not oppose a motion seeking such relief.

    b. The Court enters an order dismissing the Case, or the Debtor shall file a motion or not oppose a motion seeking such relief.

    c. The Debtor fails to comply in any material way (among other things, non-payment of the monthly FLAGSTAR payment shall be deemed material) with this Interim Order.

    d. The Court enters an order in the Case that stays, modifies, vacates or reverses this Interim Order or that otherwise affects the effectiveness of this Interim Order.

    e. The Court enters an order in the Case granting relief from the automatic stay

to allow a third party or third parties to proceed against Property subject to the FLAGSTAR Security Interest with a value in excess of $25,000.

  f. The Court enters an order in the Case appointing (i) a chapter 11 trustee or (ii) an examiner with expanded powers to operate or manage substantially all of the financial affairs of the Debtor.

  g. The Court enters an order authorizing the sale of all or substantially all assets of the Debtor that does not provide for the payment in full to FLAGSTAR of all of its claims in cash upon the closing of the sale, unless otherwise agreed by FLAGSTAR in its sole and absolute discretion;

  h. This Interim Order is reversed, vacated, stayed, amended, supplemented or otherwise modified in a manner which either (i) adversely affects the rights of FLAGSTAR hereunder, or (ii) adversely affects the priority of any or all of FLAGSTAR's claims and/or the liens granted herein; in each case as determined by the Court upon not less than five (5) days notice and a hearing;

  i. The occurrence of a material adverse change, including without limitation any such occurrence resulting from the entry of any order of the Court, or change in (i) the condition (financial or otherwise), operations, assets, business or business prospects of the Debtor, that makes the Debtor unable to repay FLAGSTAR, and/or (iii) the value of the FLAGSTAR Collateral; in each case as determined by the Court upon not less than five (5) days' notice and a hearing;

  j. Non-compliance or default by the Debtor with any of the terms and provisions of this Interim Order or the FLAGSTAR Loan Documents; provided, however, that said non-compliance or default shall not be deemed an Event of Default if curable and

9

cured by the Debtor within five (5) days after notice of such non-compliance or default is given to the Debtor by FLAGSTAR; FLAGSTAR may waive any Event of Default at any time; or

  k. A plan of reorganization or liquidation which seeks to impair or otherwise modify the rights of FLAGSTAR under this Interim Order or the FLAGSTAR Loan Documents is filed in this Case without the consent of Flagstar.

  15. *Notice of Event of Default.* To be effective, a notice of default (a "**Default Notice**") must be served on the Debtor, and a Creditors' Committee, if any, on their respective counsel, and on the Subchapter V Trustee, and the U.S. Trustee and must describe in reasonable detail the Event of Default that is the basis for the Default Notice.

  16. *Notice of Termination*. To be effective, a Termination Notice must be served on the Debtor's counsel, the Subchapter V Trustee, and the U.S. Trustee. Upon Termination the Debtor shall immediately be prohibited from using Cash Collateral.

  17. *Binding Effect; Successors and Assigns and No Impairment*. The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in this Case, including, without limitation, FLAGSTAR, the Debtor and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor) and shall inure to the benefit of FLAGSTAR, the Debtor and their respective successors and assigns. The provisions of this Interim Order shall survive entry of any orders which may be entered confirming any plan of reorganization or which may be entered converting this Case from Chapter 11 to Chapter 7 of the Bankruptcy Code. The terms and provisions of this Interim Order, as well as the liens, rights, claims granted by this Order, shall continue in this or any superseding case under the Bankruptcy Code and shall continue notwithstanding any dismissal

of the Debtor's Case, and such claims and debtor in possession liens shall maintain their priority as provided by this Interim Order until the obligations due to FLAGSTAR are satisfied and indefeasibly paid in full.

18. *Waiver and Reservation of Rights*. Except for the Debtor that hereby acknowledges the extent, validity and priority of FLAGSTAR's interest and lien in the Debtor's assets and further waives and releases all claims, counterclaims, setoffs, demands, causes of action, asserted or unasserted which the Debtor may have or had arising from the beginning of time through the date of this Interim Order against Flagstar Bank N.A., nothing herein shall prejudice the rights of any party in interest to challenge the extent, validity, enforceability, priority, or amount of any claim held by FLAGSTAR against the Debtor, or any security interest in and lien upon any pre-petition Collateral or to challenge said extent, validity or priority of any FLAGSTAR's interest in accordance with section 506 of the Bankruptcy Code.

19. *Final Hearing*. A final hearing on the Motion (the "**Final Hearing**") will take place on April 4, 2024 at 2:00 pm (prevailing Eastern time) before the Honorable Lisa G. Beckerman at the United States Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004. The Final Hearing will be held via Zoom for Government. Those intending to appear at the Final Hearing must register their appearance by no later than 4:00 p.m. (prevailing Eastern time) the business day before the Final Hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

20. *Objections*. Any party in interest objecting to the relief sought at the Final Hearing shall file and serve written objections, which objections shall be served upon (a) counsel to the Debtor, Law Office of Thomas A. Farinella, P.C. (Attn: Thomas A. Farinella, Esq.), 260 Madison Avenue, 8th Floor, New York, New York 10016; (b) Charles N. Persing, Subchapter V Trustee,

11

100 Passaic Avenue, Suite 310, Fairfield, New Jersey 07004; (c) counsel to Flagstar Bank N.A., Platzer, Swergold, Goldberg, Katz & Jaslow, LLP (Attn: Cliff A. Katz, Esq.), 475 Park Avenue, South, New York, New York 10016; (d) Amanda Lee, counsel for the United States on behalf of the Small Business Administration, 86 Chambers Street, 3rd Floor, New York, New York 10007; (e) The Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York 10004; Attn: Paul K. Schwartzberg, Esq., in each case to allow actual receipt by the foregoing no later than March 28, 2024 at 5:00 p.m. (prevailing Eastern Time).

21. The Debtor shall promptly serve copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Motion and to any party that has filed a request for notices with this Court.

22. Notwithstanding anything to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: March 8, 2024
      New York, New York

                                                    */s/ Thomas A. Farinella*
                                                    Thomas A. Farinella
                                                    Counsel for the Debtor

Dated: March 8, 2024
      New York, New York

                                                      */s/ Cliff Katz*
                                                    Cliff Katz
                                                   Counsel for Flagstar

Dated: March 12, 2024
      New York, New York

                                            ***/s/ Lisa G. Beckerman***
                                            HON. LISA G. BECKERMAN
                                            UNITED STATES BANKRUPTCY JUDGE